UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**GEORGE J. WATT, JR.,**           )
                                   )
    **Plaintiff,**             )
                                   )
    v.                        )   Civil Action No. 10-595 (RWR)
                                   )
**ALL CLEAR BUSINESS SOLUTIONS**   )
**LLC,**                           )
                                   )
    **Defendant.**            )
_____)

### MEMORANDUM OPINION AND ORDER

Plaintiff George J. Watt has moved to reopen discovery for the limited purpose of designating economic expert Dr. Richard Lurito to project the present value of Watt's future medical costs. Defendant All Clear Business Solutions, LLC ("All Clear") opposes the motion, arguing that Watt has failed to comply with court-ordered discovery deadlines and that allowing this additional expert will considerably delay trial. Magistrate Judge Alan Kay recommends that the motion be granted. Though Watt's delay was avoidable, there is good cause to repen discovery and Watt's motion will be granted.

### BACKGROUND

Watt's complaint asserts one negligence claim against All Clear, arising from the company's alleged failure properly to secure a filing cabinet its employees were unloading from a truck. (Compl. ¶¶ 9, 11.) The filing cabinet fell, struck Watt,

and caused him injuries, including a permanent back injury, which resulted in "medical expenses and other economic loss." (Id. ¶ 12.) The August 6, 2010 scheduling order set December 5, 2010 as the deadline for the close of discovery. On Watt's motion, and with All Clear's consent, the discovery deadline was continued to January 5, 2011. The parties later requested and were granted a further continuance until April 11, 2011. During the April 15, 2011 post-discovery status conference, the parties reported that discovery was complete. They pursued private mediation, unsuccessfully, in June.

At the pre-trial conference before Magistrate Judge Kay in September, Watt stated that he had hoped the parties would stipulate to the present value of his future medical treatment, but that they had not reached an agreement. Report and Recommendation [Docket 22] at 1. Accordingly, on September 27, 2011, Watt moved to reopen discovery by supplementing his expert designations with an economic expert. (Pl.'s Mem. in Supp. of Pl.'s Mot. to Reopen Disc. ("Pl.'s Mem.") at 1.) In his motion, Watt explains that he had "expect[ed] that the case would settle prior to the need for incurring the additional cost of this expert[,]" that "[p]ermitting the relief sought . . . would more fully permit the trial of this case on its merits[,]" and that adding Dr. Lurito would "not materially prejudice [All Clear's] trial preparation." (Id. at 3.)

All Clear argues in opposition that adding Dr. Lurito as an economic expert will cause considerable delay, and that Watt has proffered no legitimate reason for filing his motion on this late date. (Def.'s Opp'n ¶¶ 3, 5.) However, Magistrate Judge Kay recommends granting Watt's motion and denying All Clear's request for a hearing. Report and Recommendation [Docket 22] at 1. "No prejudice will result from reopening discovery for this limited purpose, as a trial date has not been set in this case. All Clear will have ample time to review the expert's report, and if necessary, depose the expert." (Id. at 2.) Neither party has objected to the magistrate judge's report and recommendation.

## DISCUSSION

"A [scheduling order] may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[R]eopening discovery . . . [therefore] require[s] a showing of good cause[.]" U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., 576 F. Supp. 2d 128, 133 (D.D.C. 2008) (citation omitted); accord LCvR 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). "What constitutes good cause . . . necessarily varies with the circumstances of each case." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure ("6A Wright Miller & Kane") § 1522.2 (3d ed. 2010). Good cause can be shown, "[i]n general, if the party seeking relief can show that the deadlines cannot reasonably be met despite the party's diligence[.]" Id.; see

- 4 -

also Capitol Sprinkler Inspection, Inc. v. Guest Servs., Inc., 630 F.3d 217, 226 (D.C. Cir. 2011) (quoting 6A Wright Miller & Kane § 1552.1 (2d ed. 1990) (citation omitted)).  Courts have considered multiple factors when determining whether to grant motions to reopen discovery.  These include "(1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; (5) the foreseeability of the need for additional discovery in light of the time allotted by the district court; and (6) the likelihood that the discovery will lead to relevant evidence."  Childers v. Slater, 197 F.R.D. 185, 188 (D.D.C. 2000); see also Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Vineberg v. Bissonnette, 548 F.3d 50, 55 (1st Cir. 2008).  "[W]hether to . . . reopen discovery is committed to the sound discretion of the trial court[.]"  Childers, 197 F.R.D. at 187 (internal quotation marks and citation omitted).

　　　Watt has not demonstrated that he could not reasonably have completed discovery by the established deadline.  See Capitol Sprinkler Inspection, Inc., 630 F.3d at 226; Gotlin v. Lederman, No. 04-CV-3736, 2009 WL 2843380, at *7 (E.D.N.Y. Sept. 1, 2009).[1]

---

　　　[1]　　In Gotlin, the court denied the plaintiff's request to reopen discovery where he "had ample opportunity to produce the Records prior to the close of expert discovery, and can offer no reason why the deadline for expert discovery, which was

- 5 -

After the December 2010 deadline for the close of discovery was set, Watt twice successfully moved to continue it.  However, during the more than eight months between August 6, 2010, when the scheduling order was entered, and the April 11, 2011 final discovery deadline, Watt never sought to designate Dr. Lurito as an economic expert.  He cites no authority for the proposition that merely hoping for or anticipating settlement and stipulations excuses his failure to meet court-ordered deadlines.  (See Def.'s Opp'n ¶ 4.)

On balance, the Childers factors nonetheless weigh in Watt's favor.  See Childers, 197 F.R.D. at 187; Smith, 834 F.2d at 169.  On the one hand, Watt appears to concede that he did not diligently "obtain[] discovery within the guidelines established by the court."  Smith, 834 F.2d at 169.  (See Pl.'s Mem. at 1 ("Mr. Watt regrets filing this motion at this time[.]").)  See also Bakalar v. Vavra, No. 05 Civ. 3037, 2011 WL 165407, at *4 (S.D.N.Y. Jan. 14, 2011) (citing Trebor Sportswear Co., Inc. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) ("A significant consideration is whether there has already been adequate opportunity for discovery.")  Watt also reasonably could have foreseen "the need for additional discovery in light of the time allowed for discovery[.]"  Smith, 834 F.2d at 169.  The need for an expert's projection of the present value of Watt's future

---

repeatedly extended at [his own] behest, could not have reasonably been met."  Gotlin, 2009 WL 2843380, at *7.

medical costs should have been apparent from the outset of the litigation.

On the other hand, no trial date has been set. Although All Clear opposed Watt's motion, the opposition does not describe any significant prejudice All Clear would suffer from reopening discovery for the limited purpose of adding an economic expert. In re Christou, Bankruptcy Nos. 06-68251-MHM, 06-68376-MHM, 2008 WL 7880888, at *1 (Bkrtcy. N.D. Ga. Nov. 30, 2008) ("Defendant has presented no specific evidence of prejudice except the mere passage of time.") Nor has All Clear objected to the magistrate judge's recommendation to grant Watt's motion. Finally, it seems likely that the additional expert discovery as to Watt's future medical costs will lead to relevant evidence of the scope of the damages at issue, and All Clear will have a fair opportunity to meet the new evidence. Watt's motion, then, will be granted.

## CONCLUSION AND ORDER

Watt has not justified his failure to supplement his expert designations before now. However, there is good cause for a limited reopening of discovery. Accordingly, it is hereby

ORDERED that the plaintiff's motion [19] to reopen discovery be, and hereby is, GRANTED. Plaintiff shall have 15 days from the entry of this Order to designate Dr. Richard Lurito as an expert and serve All Clear with any report by Dr. Lurito. All Clear shall have until 45 days after entry of this Order to depose Dr. Lurito. It is further

- 7 -

ORDERED that the parties file a joint status report and proposed order within 7 days after the magistrate judge enters the Local Civil Rule 16.5(a)(3) Pretrial Order.  <u>See</u> Partial Scheduling Order ¶ 3.  The joint status report shall include three mutually agreeable dates on which the trial can begin.

SIGNED this 13th day of January, 2012.

              _____/s/_____
              RICHARD W. ROBERTS
              United States District Judge